(122 So. 307)

HARDIN v. STATE.    (8 Div. 738.)

Court of Appeals of Alabama.    May 7, 1929.

J. A. Lusk, of Guntersville, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

BRICKEN, P. J: The indictment preferred and presented by the grand jury against this appellant and several others (not on trial) at the spring term 1923 contained two counts. The first count charged that he distilled, made, or manufactured alcoholic, spirituous, malted, or mixed liquors or beverages, a part of which was alcohol. Count 2 charged that he sold, gave away, or had in his possession a still, apparatus, appliance, or some device or substitute therefor, to be used for the pur- ·pose of manufacturing prohibited liquors or beverages, etc.

In the judgment entry, and upon motion for a new trial, mention is made of demur- rers having been interposed to the indict- ment. No demurrers are incorporated in the record, or elsewhere in the transcript; there- fore no question is here presented touching the sufficiency of the indictment. However, the indictment appears sufficient in form and substance to charge the offenses therein designated, and similar indictments have many ·times been approved by the appellate courts of this state.

The corpus delicti was fully estab- lished by the undisputed evidence in this case. The material inquiry as to the defendant's participation in the offenses charged was, under the conflicting evidence on this point, a question·for the jury to determine. In our opinion the evidence adduced upon the trial of this case was ample to justify the jury in the verdict rendered and to support the judgment of conviction pronounced and en- tered.

There are 39 assignments of error, many of which are voluntarily abandoned, and not insisted upon in brief of counsel for appel- lant.

Numerous exceptions were reserved to the court's rulings upon the admission of evi- dence. As stated, the' corpus delicti having been fully proven, the principal question was the identity of the man who was seen at the still and engaged in its operation. The state's evidence tended to show that this appellant was that man. The evidence for the defend- ant tended otherwise. We have examined each of the rulings complained of by excep- tion, and in them discover no ruling of the court calculated to divert the jury from ren- dering a correct conclusion as to the identity of defendant. In none of these rulings does there appear error prejudicial to the substan- tial rights of the accused.

The exceptions reserved in connection with the motions.of defendant to exclude certain statements of the solicitor in his argument are without merit. The utterances objected to were but the expression of the opinion of the solicitor, and not within the rule of im proper or inhibited argument.

Upon the motion for a new trial no mat- ter was presented other than the matters pertaining to the main trial. The court prop- erly overruled the motion.

Under the evidence in this case the ques- tion of the guilt or innocence of the defendant as to the offenses charged in both counts of the indictment was for the jury.

The court's oral charge covered every principal of law involved in this case. The oral charge and the charges given at the request of defendant fairly and substantially covered the charges refused.

We find no error in the record. The judg- ment of conviction from which this appeal was taken is affirmed.

Affirmed.